UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.                                          09CR329A

**Decision & Order**

Thamud Eldridge, Kashika Speed,
Kevin Allen, and Galen Rose,

Defendants.

Before the Court is the government's motion to remove learned counsel. (Docket No.
304).  The defendants oppose the motion (Docket No. 314). Oral argument was heard on July 2,
2014.

The indictment in this case included charges which could have subjected the defendants
to the death penalty.  Pursuant to 18 U.S.C. §3005, the Court appointed two attorneys, including
at least one "learned counsel" familiar with the law applicable to capital cases.  In 2010, the
Court was advised that the government had determined not to seek the death penalty in
connection with the charges in the indictment.  Pursuant to the Guidelines for the Administration
of the Criminal Justice Act ("the CJA"), §630.30.10, once it has been "determined that the death
penalty [would] not be sought, the Court should consider the questions of the number of counsel
and the rate of compensation needed for the duration of the proceeding."  Thus, on February 16,

1

201o, the government filed a motion seeking the removal of the second appointed counsel for each defendant. (Docket No. 27).  The Court denied the governments' motion at that time. (Docket No. 32)[1].  Notwithstanding, four years later, shortly before the trial in this case is to be scheduled, the government again seeks removal of learned counsel.

The Court has discretion to decide whether to retain two attorneys for each defendant, including learned counsel, after the elimination of the death penalty.  United States  v. Douglas, 525 F.3d 225, 238 (2d. Cir. 2008)(Our conclusion that § 3005 does not entitle a defendant to a second attorney under these circumstances would not preclude a district court, in its discretion, from maintaining the dual appointment in a future case out of a "concern for fairness at the trial of a criminal offense.); United States v. Jones, 2008 WL 2967028 (D. N.J.)(same); United States v. Carmen, 2004 WL 1102318 (N.D. Ill. 2004)(same). The 37-page indictment in the instant case charges the four defendants with seventeen counts including various conspiracies, murders, robberies, and kidnapping under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as other conspiracies, robberies, murders, drug trafficking and gun crimes.  Counsel in this case have developed significant relationships with the defendants over the course of the *five years* of pretrial proceedings. Counsel for the defendants have demonstrated over that period of time that they have divided the work required to defend the charges lodged against the defendants in this matter.  The Court finds that because this case presents complex legal and factual issues, removing learned counsel from the

_____

[1]   However, pursuant to CJA §630.30.10, and considering the factors set forth in §630.30.30(a), the Court reduced the hourly rate to be prospectively applied for work performed by counsel in this matter. (Docket No. 32).

defendants at this late stage would cause significant disruption in the defendants' representation and place an atypical burden on the remaining counsel.  Based on the above, the government's motion to remove learned counsel is denied without prejudice.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 2, 2014