```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KASHIKA SPEED, | **No. 1:09-CR-00329 (MAT)** |
| | **No. 1:15-CV-00755 (MAT)** |
| Movant, | |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. Introduction

Movant Kashika Speed ("Speed"), a federal prisoner, moved for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on August 21, 2015, claiming that he was sentenced based upon an incorrect sentencing range.[1] Doc. 491. On June 8, 2016, Speed filed a supplemental § 2255 motion, which argues that his sentence was rendered retroactively invalid under Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 2557 (2015) (holding that imposition of an increased sentence under the residual clause of the Armed Career Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violates due process, as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges"). Doc. 632. On June 8, 2016, Speed moved for appointment of counsel. Doc. 633; see doc. 654. For the reasons set forth below, Speed's motions are denied.

---

[1] Also pending before the Court is Speed's "motion to amend/correct" his original § 2255 motion, which seeks to supplement his original motion by notifying the Court of authority he deems relevant to the issue of incorrect sentencing. Doc. 638.

**II.   Discussion**

   **A.   Appointment of Counsel**

Appointment of counsel under 28 U.S.C. § 2255(g) is governed by 18 U.S.C. § 3006A(a)(2)(B). There is no constitutional right to representation by counsel in habeas corpus proceedings. See Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993). However, a court may in its discretion appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2) (B). "Where a movant's claims may fairly be heard on written submissions, the appointment of counsel is not warranted and such applications should ordinarily be denied." Ballard v. United States, 2012 WL 3765022, *1 (S.D.N.Y. Aug. 30, 2012). In Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), the Second Circuit noted that, in deciding whether to appoint counsel, the district court should first determine whether the indigent's position seems likely to be of substance. Only if the claim meets this threshold requirement should the district court then consider the various factors outlined in Hodge. Id. at 61–62.

Even assuming Speed satisfies the threshold requirement of indigent status,[2] Speed's claims lack substance. In his first § 2255 motion, Speed challenges his sentence, arguing that the Court sentenced him "without no evidence based on unproven facts" (doc. 491); however, for the reasons set forth more fully below, this claim lacks substance. Moreover, there is no indication to the Court, upon a review of the record in Speed's criminal case, that

---

    [2] Speed has not submitted any information regarding his financial status.

his sentence was based on a lack of evidence or unproven facts. In Speed's later supplemental Johnson motion, he argues that he was sentenced pursuant to the residual clause of U.S.S.G. § 4B1.2(a)(2), which, if true, would lead to a substantive claim. See United States v. Welch, 2016 WL 546656, *4 (2d Cir. Feb. 11, 2016) (noting that, under Johnson, residual clause of § 4B1.2(a)(2) [which is identical to the ACCA's residual clause] is now void for vagueness). However, the record in Speed's criminal case reveals that his sentence was not, in fact, enhanced pursuant to § 4B1.2(a)(2). In fact, the sentencing transcript in Speed's case indicates that his sentence was not enhanced based on predicate offenses. See doc. 363. Therefore, Speed's claim in his supplemental § 2255 motion also lacks substance, as more fully discussed below. See Hodge, 802 F.2d at 61. Accordingly, Speed's motion for appointment of counsel is denied.

**B.   Speed's First § 2255 Motion**

As noted above, Speed challenges his sentence, arguing that the Court sentenced him "without no evidence based on unproven facts." Doc. 491. However, Speed has provided no evidence, and the record contains no indication, that Speed's sentence was erroneous or illegal. Speed pled guilty to one count of robbery under the Hobbs Act, 18 U.S.C. § 1951, in full satisfaction of an eleven-count indictment. The plea agreement recommended a sentencing range of 151 to 188 months imprisonment. At sentencing, the Court (Arcara, J.), acknowledged its independent responsibility to calculate the

appropriate sentencing range, and determined that the correct range was between 168 to 210 months. The Court accordingly sentenced Speed to 192 months. Although Speed had waived his right to appeal, because the sentence exceeded the range stipulated in the plea agreement by four months, Speed was allowed to and did appeal to the Second Circuit, which affirmed this Court's judgment. United States v. Speed, 636 F. App'x 9, 13 (2d Cir. 2015).

Speed contends that Molina-Martinez v. United States, 136 S.Ct. 1338 (2016) applies to his case. However, that case involved application of an incorrect sentencing guideline range; here, the Court ultimately used the correct guideline range for Speed's sentencing. Thus, Molina-Martinez is inapplicable to Speed's case. Because Speed has not shown any basis to conclude that he received an illegal sentence, his conviction and sentence were proper and his § 2255 motion lacks merit. See, e.g., Scott v. United States, 2016 WL 3906705, *4 (S.D.N.Y. July 13, 2016).

**C.   Speed's Second § 2255 Motion**

Speed's second motion, filed June 8, 2016, contends that he was sentenced under the "residual clause" of the Sentencing Guidelines ("the Guidelines"), U.S.S.G. § 4B1.2. That clause is identically worded to the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which was recently struck down as unconstitutionally vague by the Supreme Court in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). This Court has previously decided that, because the language is identical, the

Sentencing Guidelines' residual clause, U.S.S.G. 4B1.2(a)(2), was rendered unconstitutionally vague under Johnson. See Lee (Antonio Demario) v. USA, 1:07-CR-00238 (MAT) (W.D.N.Y. Apr. 18, 2016) (Decision & Order, p. 19-23) (collecting cases).

Speed's motion lacks merit because he was not, in fact, sentenced as a career offender under the Guidelines. Therefore, the "crime of violence" definition contained within the Guidelines' residual clause is irrelevant and Johnson is inapplicable. Because Speed's sentence does not implicate the residual clause of the Guidelines, his motion to vacate his sentence pursuant to Johnson is denied.

### III. Conclusion

For the foregoing reasons, Speed's motion for appointment of counsel (doc. 633) is denied and his motions to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 (docs. 491, 632, 638) are denied. The Clerk of the Court is directed to close Case No. 1:15-CV-00755.

**ALL OF THE ABOVE IS SO ORDERED.**

                              **S/Michael A. Telesca**
                              _____
                                 HON. MICHAEL A. TELESCA
                                 United States District Judge

Dated:   August 30, 2016
         Rochester, New York.