UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KASHIKA SPEED,

                Petitioner,                1:09-CR-329
                                                        DECISION
                                                        AND ORDER

        v.

UNITED STATES OF AMERICA,

                Respondent.

On January 20, 2017, Kashika Speed ("petitioner") filed a letter stating that, at sentencing, the Court should have granted him an additional three-level downward departure and that an enhancement was erroneously applied. (Dkt. No. 683) Petitioner asks that his sentence be reduced accordingly. The Court construes this letter as a petition to vacate or reduce his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). Because this is a repeat attempt by petitioner to collaterally attack the same conviction and sentence, the petition is "second or successive." 28 U.S.C. § 2255(h). Thus, the Court is unable to consider the merits of the petition unless and until the Second Circuit, on petitioner's motion, issues "an order authorizing [this] court to" do so. 28 U.S.C. § 2244(b)(3)(A). The Court will therefore transfer the petition to the Second Circuit.

## **BACKGROUND**

On June 16, 2014, petitioner pled guilty to robbery under the Hobbs Act (18 U.S.C. §1951), in satisfaction of an eleven-count superseding indictment. The plea agreement entered into between petitioner and respondent recommended a sentencing

range of 151 to 188 months imprisonment. The Court, which is required to independently calculate the appropriate sentencing range, determined that petitioner's correct range was 168 to 210 months. The Court then sentenced petitioner to a term of incarceration of 192 months. Petitioner appealed the sentence, which exceeded the range stipulated to in the plea agreement by four months. The Second Circuit affirmed the sentence imposed by this Court. *United States v. Speed*, 636 Fed. Appx. 9, 13 (2d Cir. 2015).

On August 21, 2015, petitioner moved for a writ of habeas corpus pursuant to Section 2255, claiming that his sentencing range was calculated incorrectly. (Dkt. No. 491) On June 8, 2016, petitioner filed a supplemental Section 2255 petition, arguing that he was inappropriately sentenced under the "residual clause" of the sentencing guidelines. (Dkt. No. 632) Petitioner also moved for appointment of counsel. (Dkt. Nos. 633, 654) On August 30, 2016, the Court denied petitioner's Section 2255 petitions and his request for counsel. (Dkt. No. 656)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act limits the ability of federal prisoners to file "second or successive" habeas petitions by requiring prisoners to obtain authorization from the appropriate Court of Appeals before doing so. *See* 28 U.S.C. § 2255(h). Two Section 2255 petitions are not "successive" for purposes of § 2255(h) merely because they are both brought by the same prisoner. Instead, to be considered successive, a prisoner's second petition must generally represent a second attack by federal habeas petition on the same conviction. *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d

Cir. 2003). Moreover, the fact that a court disposed of a prisoner's prior Section 2255 petition does not necessarily make a subsequent habeas petition "second or successive" within the meaning of § 2255(h). Rather, "a § 2255 petition will not be considered second or successive unless a prior § 2255 petition was adjudicated on the merits." *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003).

Here, petitioner's Section 2255 petition is plainly successive. The new petition attempts to collaterally attack the same conviction and sentence at issue in the two prior petitions. Specifically, petitioner again argues that his sentence should be reduced because the Court incorrectly calculated the sentencing range. This Court dismissed petitioner's prior petitions to vacate or reduce his sentence on the merits, and not for one of the numerous non-merits reasons that exempt a successive habeas petition from Section 2244's gatekeeping requirement. *See Villanueva*, 346 F.3d at 60.

Before this Court may consider the merits of petitioner's new petition, he must first move in the Second Circuit for "an order authorizing [this] court to" do so. 28 U.S.C. § 2244(b)(3)(A).[1] Therefore, pursuant to 28 U.S.C. § 1631, the Court finds that it is in the interest of justice to transfer the petition to the Second Circuit so that the court may first consider whether petitioner has satisfied the requirements of § 2244. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

---

[1] Petitioner previously moved before the Second Circuit Court of Appeals to file a successive Section 2255 petition. On August 17, 2016, the Second Circuit denied the motion as unnecessary because, at that time, petitioner's prior Section 2255 petitions (Dkt. Nos. 491, 632) had not yet been decided by this Court. Dkt. No. 678) As explained herein, the prior petitions have now been decided by this Court on the merits.

3

## **CONCLUSION**

For the reasons stated above, the Court finds that the petition for a writ of habeas corpus (Dkt. No. 683) is a "second or successive" petition within the meaning of 28 U.S.C. § 2255(h). The Clerk of the Court is directed to transfer the petition to the Clerk of the U.S. Court of Appeals for the Second Circuit.

SO ORDERED.

DATED:   March 16, 2017
Buffalo, New York

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

4